En el Tribunal Supremo de Puerto Rico

| El Pueblo de Puerto Rico Peticionario V. Héctor Santana Rodríguez Peticionado | Certiorari 99TSPR81 |
|---|---|

Número del Caso: CC-98-254

Abogados de la Parte Peticionaria: Hon. Carlos Lugo Fiol
                                    Procurador General
                                    Lcda. Yasmín Chaves Dávila
                                    Procuradora General Auxiliar

Abogado del Peticionado:          Lcdo. Neddie Feliciano Jiménez


Tribunal de Instancia: Superior, Sala de Carolina

Juez del Tribunal de Primera Instancia: Hon. José A. Rodríguez Arenas

Tribunal de Circuito de Apelaciones: Circuito Regional VII
                                     Carolina-Fajardo

Panel Integrado por:     Hon. Arbona Lago
                         Hon. Negroni Cintrón
                         Hon. Salas Soler

Fecha: 5/25/1999

Materia: Tentativa de Asesinato

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Pueblo de Puerto Rico

    Peticionario

                        CC-98-254    Certiorari

    v.

Héctor Santana Rodríguez

    Acusado-Peticionado


Opinión del Tribunal emitida por el Juez Asociado señor Negrón García


San Juan, Puerto Rico, a 25 de mayo de 1999

I

**Prematuro, lo que ocurre antes de tiempo**; en el ámbito procesal, una apelación o recurso prematuro es aquel presentado en la Secretaría de un Tribunal apelativo antes de que éste tenga jurisdicción. Véase, <u>Hernández Apellániz</u> v. <u>Marxuach Const. Co.</u>, res. en 3 de febrero de 1997.

**Una apelación o un recurso prematuro al igual que uno tardío, sencillamente adolece del grave e insubsanable defecto de falta de jurisdicción.**

Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues en ese momento o instante en el tiempo ("<u>punctum temporis</u>"),

no ha nacido autoridad judicial o administrativa alguna para acogerlo; menos para conservarlo con el propósito de luego reactivarlo en virtud de una **moción informativa**. Ello explica la exigencia y necesidad de presentar una nueva apelación o recurso (con **su apéndice**) y efectuar su notificación dentro del término jurisdiccional.

La **falta de jurisdicción por prematuridad** no acontece cuando se dicta la Resolución desestimando el recurso; **el momento decisorio y crucial es la fecha de su presentación, no el de esa Resolución.** Carente de eficacia jurídica interruptora; si acaso, la única otra decisión sería ordenar su desglose y devolución al presentante.[1] Con este marco jurídico-conceptual en mente, expongamos el trasfondo procesal del recurso ante nos.

## II

Héctor Santana Rodríguez fue acusado y convicto de Tentativa de Asesinato e infracciones a los Arts. 8 y 6 de la Ley de Armas. El 26 de septiembre de 1997, el Tribunal de Primera Instancia, Sala Superior de Carolina, (Hon. José

---

[1] La jurisdicción no es facultad susceptible de originarse mediante trámites internos de conservación de documentos en la Secretaría del Tribunal apelativo.

Las facilidades físicas y anaqueles de archivos son limitadas, particularmente las del Tribunal de Circuito de Apelaciones.

**No hay razón alguna para convertir las Secretarías u oficinas de los jueces en una extensión más de las oficinas de archivos("record room") de los abogados con el propósito de conservarles los originales y copias de los recursos tempranamente inoportunos, que no debieron ni podían ser válidamente presentados por carecerse de jurisdicción.**

Ángel Rodríguez Arenas), lo sentenció a nueve (9) años de reclusión por la tentativa y cinco (5) y cuatro (4) años por las infracciones a los Arts. 8 y 6, respectivamente. En dicha Sentencia, erróneamente se hizo constar que Santana Rodríguez había hecho alegación de culpabilidad, por lo que el 6 de octubre, se emitió Sentencia Enmendada corrigiendo ese error.

El 16 de octubre, en tiempo, Santana Rodríguez solicitó reconsideración al Tribunal de Primera Instancia; aún así, al día siguiente (17), presentó apelación ante el Tribunal de Circuito de Apelaciones. Por entender que era **prematura**, el Ministerio Público pidió no se aceptara el alegato de Santana Rodríguez y se le eximiera de presentar el suyo hasta completado el trámite de la Exposición Narrativa de la Prueba.

Así las cosas, el 20 de octubre, notificada el 22, el Tribunal de Primera Instancia proveyó **no ha lugar** a la reconsideración. **Transcurrieron treinta (30) días sin que Santana Rodríguez apelara, y el Ministerio Público pidió la desestimación del primer recurso.** El Circuito (Hons. Arbona Lago, Negroni Cintrón y Salas Soler), se negó desestimar fundado en que, si bien la apelación del 17 de octubre **fue prematura**, esa condición cesó al momento en que Instancia declaró no ha lugar la reconsideración. Consignó que "la apelación de epígrafe quedó liberada de [ese] impedimento".

Inconforme, a solicitud del Procurador General expedimos este certiorari.[2]

### III

Bajo la Regla 194 de Procedimiento Criminal[3] –expositiva del procedimiento para formalizar una apelación–, **la presentación oportuna de una moción de reconsideración**

---

[2] Señala:

"Incidió en error el Honorable Tribunal de Circuito de Apelaciones, Circuito Regional VII de Carolina y Fajardo, al denegar la Moción de Desestimación presentada en el caso del epígrafe, toda vez que este Honorable Foro carece de jurisdicción para entender en la solicitud de apelación presentada a su consideración, a tenor con lo resuelto en la Opinión Normativa de Hernández v. Marxuach, res. en 3 de febrero de 1997."

[3] Reza:

**"Regla 194. Procedimiento para Formalizar la Apelación:**

La apelación se formalizará presentando un escrito de apelación en la secretaría de la sala del Tribunal de Primera Instancia que dictó la sentencia o en la secretaría del Tribunal de Circuito de Apelaciones, dentro de los treinta (30) días siguientes a la fecha en que la sentencia fue dictada, pero si dentro del indicado período de treinta (30) días se presentare una moción de nuevo juicio fundada en las Reglas 188(e) y 192, el escrito de apelación podrá presentarse dentro de los treinta (30) días siguientes a aquél en que se notificare al acusado la orden del tribunal denegando la moción de nuevo juicio.

**Si cualquier parte solicitare la reconsideración de la sentencia dentro del término improrrogable de quince (15) días desde que la sentencia fue dictada, el término para radicar el escrito de apelación o de certiorari quedará interrumpido y el mismo comenzará a partir de la fecha en que se archive en autos la notificación de la resolución del tribunal adjudicando la moción de reconsideración."** (Énfasis nuestro).

**interrumpe <u>automáticamente</u> el término jurisdiccional de treinta (30) días para apelar o acudir en <u>certiorari</u> al foro apelativo**. Así claramente establece: "[s]i cualquier parte solicitare la reconsideración de la sentencia dentro del término improrrogable de quince (15) días desde que la sentencia fue dictada, **el término para radicar el escrito de apelación o <u>certiorari</u> quedará interrumpido y el mismo comenzará a partir de la fecha en que se archive en autos la notificación de la resolución del tribunal adjudicando la moción de reconsideración.**"

Es evidente pues, que en lo procesal penal no existe el riesgo inherente de la Regla 47 de Procedimiento Civil,[4] que cualifica el efecto interruptor de la reconsideración a

---

[4] Reza en lo pertinente:

"La parte adversamente afectada por una resolución, orden o sentencia del Tribunal de Primera Instancia podrá, dentro del término de quince (15) días desde la fecha de la notificación de la resolución u orden o desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, presentar una moción de reconsideración de la resolución, orden o sentencia. El tribunal, dentro de los diez (10) días de haberse presentado dicha moción, deberá considerarla. Si la rechazare de plano, el término para apelar o presentar un recurso de <u>certiorari</u> se considerará como que nunca fue interrumpido. Si se tomare alguna determinación en su consideración, el término para apelar o presentar un recurso de <u>certiorari</u> empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción. Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano."

que el tribunal de instancia no la rechace de plano expresamente o por inacción (no acogerla).

En <u>Hernández Apellániz</u> v. <u>Marxuach Const. Co.</u>, <u>supra</u>, al interpretar la Regla 53.1 de Procedimiento Civil, análoga a la Regla 194[5] -dispositiva de que la oportuna presentación de una reconsideración interrumpe el término para acudir en <u>certiorari</u> a este Tribunal Supremo-, sostuvimos que "ante la presentación de una moción de reconsideración **se desvanece** lo actuado por el Tribunal de Circuito de Apelaciones, por lo que nos encontramos **carentes de jurisdicción** para atender el recurso..." Resolvimos además, que una negativa o modificación en reconsideración **"no reactiva automáticamente el recurso presentado prematuramente..."** De interesarse la revisión del dictamen, es menester **presentar nuevamente el recurso <u>dentro del término jurisdiccional</u>**.

En el caso que nos ocupa, luego de resuelta la reconsideración por el Tribunal de Instancia es que comenzó el término jurisdiccional para apelar. Pasaron los treinta (30) días y Santana Rodríguez no presentó su apelación nuevamente. El Circuito carecía de jurisdicción para reactivar su **prematura** apelación.

Se dictará sentencia revocatoria.

ANTONIO S. NEGRÓN GARCÍA
Juez Asociado

---

[5] Se diferencia de que es ante el Tribunal de Circuito de Apelaciones.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Pueblo de Puerto Rico

    Peticionario

                               CC-98-254     Certiorari

      v.

Héctor Santana Rodríguez

    Acusado-Peticionado

SENTENCIA

San Juan, Puerto Rico, a 25 de mayo de 1999

    Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente, se revoca la Resolución del Tribunal de Circuito de Apelaciones de fecha 5 de marzo de 1998.

    Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Naveira de Rodón concurre con el resultado. Entiende que, dadas las circunstancias procesales específicas del caso, donde el acusado peticionario presentó una apelación prematura ante el Tribunal de Circuito de Apelaciones y luego no hizo gestión posterior alguna, procede la desestimación del recurso de apelación que fue prematuramente presentado. El Juez Asociado señor Fuster Berlingeri concurre en el resultado sin opinión escrita.

                         Isabel Llompart Zeno
                          Secretaria del Tribunal Supremo